**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KALITI DIA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-71337

Agency No. A098-267-440

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Kaliti Dia, a native and citizen of Fiji, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). Our

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Dia does not challenge the agency's dispositive determination that her application for asylum was time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). Accordingly, Dia's asylum claim fails.

Dia presented evidence that unknown people threw rocks at her family's house when she was not there and she was inconvenienced by civil unrest. Substantial evidence supports the agency's determination that Dia failed to establish she suffered past persecution. *See Singh v. INS*, 134 F.3d 962, 967-69 (9th Cir. 1998). We lack jurisdiction to consider Dia's argument that the agency should have considered her eligibility for asylum on the basis of unsubstantiated harms allegedly suffered by her Fijian son, because she did not raise this argument to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We reject Dia's contention that the BIA ignored harm that she allegedly suffered while she was in the hospital during the 2000 coup because she has not overcome the presumption that the BIA considered the entire record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). Thus, Dia's contention that she is entitled to a presumption of future persecution fails. *See Molina-Estrada v. INS*, 293 F.3d

1089, 1096 (9th Cir. 2002). In addition, substantial evidence supports the agency's determination that Dia's fear of returning to Fiji, based on general political instability and ongoing ethnic tensions, lacks a nexus to a protected ground, particularly since Dia is a member of the ethnic Fijian majority. *See Singh*, 134 F.3d at 970-71. Accordingly, Dia's withholding of removal claim fails. *See Zehatye*, 453 F.3d at 1190.

The BIA properly declined to reinstate Dia's voluntary departure period for failure to timely submit proof of having posted her voluntary departure bond. *See* 8 C.F.R. § 1240.26(c)(3)(ii). Dia's arguments on appeal that the IJ failed to explicitly explain the requirements and consequences regarding posting a bond are not supported.

Finally, substantial evidence supports the agency's denial of CAT relief because Dia failed to establish that it is more likely than not that she will be tortured if she returns to Fiji. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-67 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**